UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> **Plaintiff,** <br><br> v. <br><br> BOUCHARD TRANSPORTATION CO., INC., *in personam*; M/V EVENING STAR, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem*; BARGE B. NO. 250, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem*, <br><br> **Defendants.** | § <br> § Case No. _____ <br> § <br> § Honorable Judge _____ <br> § <br> § MEMORANDUM OF LAW IN SUPPORT <br> § OF MOTION BY WELLS FARGO BANK, <br> § N.A. FOR ISSUANCE OF WARRANT OF <br> § ARREST, APPOINTMENT OF <br> § SUBSTITUTE CUSTODIAN AND <br> § SERVICE OF PROCESS <br> § <br> § |

## PRELIMINARY STATEMENT

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") respectfully submits this Memorandum of Law in support of its motion (the "Motion") for (i) an Ex Parte Order directing issuance of a warrant of arrest for the M/V Evening Star, IMO Number 9629768, Official Number 1234828, and the Barge B. No. 250, Official Number 123549 (together, the "Vessels") and (ii) an Ex Parte Order appointing a Substitute Custodian, as well as substitute process servers to serve the warrant of arrest on the Vessels.

Wells Fargo holds preferred ship mortgages on the Vessels within the meaning of the laws of the United States (46 U.S.C. § 31301, et seq.). Defendant Bouchard Transportation Co., Inc. ("Bouchard") is the mortgagor. Because Bouchard defaulted under the mortgages and the corresponding loan agreement, Wells Fargo has commenced this action to foreclose on its mortgages and pursue its breach of contract claims against Bouchard. Additional relevant facts are set forth in the Verified Complaint, which is attached as Exhibit A hereto (the "Verified Complaint").

## LEGAL ARGUMENT

### I.  An Arrest of Warrant Should Be Issued.

Wells Fargo is entitled to the issuance of an arrest warrant pursuant to Rule C(3)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), which provides that:

> The court must review the complaint and any supporting papers. If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action.

The conditions for an *in rem* action are set forth in Supplemental Rule C(1):

> An action in rem may be brought:
> (a) To enforce any maritime lien;
> (b) Whenever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto.

Making "a *prima facie* showing that the plaintiff has an action *in rem* against the defendant" is sufficient to compel the issuance of an arrest warrant.  *See* Supplemental Rule C, Notes of Advisory Committee on 1985 Amendments.  "Pursuant to Supplemental Rule C, if a plaintiff asserts an *in rem* action, the court must, upon application of the plaintiff, 'issue a warrant for the arrest of the property that is the subject of the action.'"  *Bank of the W. v. Sailing Yacht Serendipity*, 101 F. Supp. 3d 238, 253 (E.D.N.Y. 2015) (granting a motion for issuance of a default judgment and sale of a mortgaged vessel after its arrest under Supplemental Rule C).

To satisfy the conditions of Supplemental Rule C, the complaint must also:

> (a) be verified;
> (b) describe with reasonable particularity the property that is the subject of the action; and
> (c) state that the property is within the district or will be within the district while the action is pending;

Supplemental Rule C(2).

Each of these conditions is satisfied here. The Verified Complaint describes the Vessels with particularity and shows that each Vessel is located within the District, and subject to a preferred mortgage that Wells Fargo seeks to enforce in an *in rem* action under 46 U.S.C. § 31325.

As this Court recently stated:

> A preferred mortgage constitutes "a lien on the mortgaged vessel in the amount of the outstanding indebtedness secured by the vessel." 46 U.S.C. § 31325(a). Upon default of a preferred mortgage, the mortgagee may enforce its preferred mortgage lien "in a civil action *in rem* for a documented vessel." 46 U.S.C. § 31325(b)(1).

*PMJ Capital Corp. v. Lady Antoinette*, No. 1:16-cv-06242 (AJN) (SDA), 2020 U.S. Dist. LEXIS 29554, at *10-11 (S.D.N.Y. Feb. 19, 2020). This Court read "[t]he foregoing provisions of the Ship Mortgage Act . . . in conjunction with Rule C(1) of the Supplemental Rules for Certain Admiralty or Maritime Claims," as providing a sufficient basis for the arrest of a vessel subject to a preferred mortgage following a default under the corresponding loan agreement. *See id.*; *Bank of the W.*, 101 F. Supp. 3d at 247. This is precisely the situation here.

Therefore, Wells Fargo's motion for the issuance of an arrest warrant should be granted.

## II. A Substitute Custodian Should Be Appointed.

Wells Fargo is also entitled to the appointment of a Substitute Custodian.

Both this Court and the Eastern District of New York have granted this remedy when the U.S. Marshal is unavailable, which is currently true due to the COVID-19 pandemic: this Court has recognized that "[a]mong the impacts of the COVID-19 pandemic are a significant curtailment of a range of court functions, including the service of process by U.S. Marshals in the Southern and Eastern Districts of New York." *Bouchard Transportation Co., Inc. v. Laurel Shipping, et al.,* 1:19-cv-09559-MKV (S.D.N.Y. April 29, 2020). This Court thus granted a motion that cited "the Standing Order issued by Chief Judge McMahon for the Southern District (M10-468, 20MISC00153) and Chief Judge Mauskopf for the Eastern District (Administrative Order

No. 2020-12)" as justification for the appointment of a Substitute Custodian for the arrest of vessels owned by Bouchard. *Id*. The Eastern District of New York granted a motion that raised the same arguments in another recent case against another vessel also owned by Bouchard. *See John W. Stone Oil Distributor, LLC v. Bouchard Transportation Co., Inc., et al*., 1:20-cv-01444-AMD-CLP (E.D.N.Y. April 19, 2020).

Notably, the Substitute Custodian that was appointed in these two recent cases against Bouchard is the company (or its president) that Wells Fargo seeks to appoint here: National Maritime Services, Inc. ("NMS"). Both NMS and Wells Fargo have executed a Consent and Indemnification Agreement in favor of the U.S. Marshal in this action, a copy of which is attached as Exhibit D to the Motion. Counsel for Wells Fargo called the U.S. Marshal's Service for the Southern District of New York on June 17, 2020, and was told that the U.S. Marshal would not become unavailable again for service of warrants of arrest on vessels in the District until July 6, 2020 at the earliest.

Because NMS is also unavailable for the service of process on the date of this Motion, Wells Fargo seeks, in addition to the appointment of NMS as Substitute Custodian, the appointment of Alice D. Colarossi, Alan Swimmer and Gerard LoPreiato as the substitute process servers authorized to serve the warrant of arrest on the Vessels.

For the foregoing reasons, Wells Fargo's motion for the appointment of a Substitute Custodian and a substitute process server should be granted.

## CONCLUSION

Wells Fargo respectfully requests that the Court grant it motions for the issuance of an arrest of warrant, and for the appointment of a substitute custodian.

Dated this 18th day of June, 2020, New York, New York.

        Respectfully submitted,

        /s/    *Jane Freeberg Sarma*
        Jane Freeberg Sarma
        Alice D. Colarossi
        REED SMITH LLP
        599 Lexington Avenue, 22nd Floor
        New York, NY 10022
        Telephone: (212) 521-5400
        Facsimile: (212) 521-5450
        jsarma@reedsmith.com
        acolarossi@reedsmith.com

        ATTORNEYS FOR PLAINTIFF,
        WELLS FARGO BANK, N.A.

        *Of Counsel*

        J. James Cooper (TX Bar No. 04780010)
        Michael B. Taylor (TX Bar No. 24102560)
        J. Keely Dulaney (TX Bar No. 24116306)
        REED SMITH LLP
        811 Main Street, Suite 1700
        Houston, TX 77002
        Telephone: (713) 469-3800
        Facsimile: (713) 469-3899
        jcooper@reedsmith.com
        btaylor@reedsmith.com
        kdulaney@reedsmith.com
        *Pro hac vice applications forthcoming*