UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., § § **Plaintiff,** § § v. § § BOUCHARD TRANSPORTATION CO., § INC., *in personam*; M/V EVENING § STAR, her engines, tackle, furniture, § apparel, appurtenances, etc., *in rem*; § BARGE B. NO. 250, her engines, tackle, § furniture, apparel, appurtenances, etc., *in* § *rem*, § § **Defendants.** § § | Case No. _____ Honorable Judge _____ EX PARTE ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN AND FOR SERVICE OF PROCESS |

THIS MATTER is before the Court on Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Appointment of Substitute Custodian (the "Motion"). Having reviewed the applicable filings and law, it is hereby

ORDERED AND ADJUDGED that the Motion is GRANTED.

IT IS FURTHER ORDERED that the United States Marshal for the Southern District of New York is hereby authorized and directed upon the seizure of the M/V Evening Star, Official Number 1234828, and Barge B. No. 250, Official Number 1235496 (collectively, the "Vessels"), and the Vessels' engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, pursuant to said Warrant of Arrest, to surrender the possession thereof to the custody of the Substitute Custodian, National Maritime Services, Inc. ("NMS"), by their arrest.

IT IS FURTHER ORDERED that the Marshal be discharged from his duties and responsibilities for the safekeeping of the Vessels and be held harmless from any and all claims arising out of the substituted possession and safekeeping.

IT IS FURTHER ORDERED that Alice D. Colarossi, Alan Swimmer and Gerard LoPreiato are hereby appointed as substitute process servers to serve the Warrants of Arrest on the Vessels.

IT IS FURTHER ORDERED that NMS is hereby appointed the substitute custodian of the Vessels to retain the same in custody for possession and safekeeping during the pendency of their arrest in this jurisdiction, for the compensation set forth in the fee schedule included in the Consent and Indemnification Agreement for the Appointment of a Substitute Custodian filed with the Court.

IT IS FURTHER ORDERED that NMS shall, at the direction of the Vessel's owner or Wells Fargo, and by appointment only, permit prospective purchasers to board and inspect the Vessels.

IT IS FURTHER ORDERED that all Marshal's costs be paid prior to the release of the Vessels and all further constructive costs will be borne by Wells Fargo unless Wells Fargo is awarded expenses and costs against the Vessels.

IT IS FURTHER ORDERED that the Substitute Custodian must sign a receipt for the Vessels and the Marshal must attest to the date and time of release on a U.S. Marshal's Return.

IT IS FURTHER ORDERED that all reasonable expenditures which may be incurred by the United States of America and NMS, or by any party advancing funds to NMS, in towing, safekeeping, and maintaining the Vessels while she is in *custodia legis* shall be administrative expenses in this action and a first charge on the Vessels herein, to be paid prior to the release of the Vessels or the distribution of proceeds.

IT IS FURTHER ORDERED that NMS, at its discretion, shall be permitted to move the Vessels from their current location, if deemed necessary, to safe locations within the District, and

shall provide notice to the Court, U.S. Marshal, and all parties in this action upon moving the Vessels. NMS shall also be allowed to discharge cargo, at its discretion, if necessary to perform its duties as the substitute custodian.

IT IS FURTHER ORDERED that NMS is authorized to take all reasonable measures to protect and maintain the value of the Vessels and other related property in its custody and to prevent liabilities to third parties, including personal injury, property or pollution damage, without specific authorization.

IT IS FURTHER ORDERED that NMS is authorized to release the Vessels from its custody and control to their respective owners subject to an order of the Court, or without further court order, a mutual agreement between all parties to the suit.

IT IS FURTHER ORDERED that NMS shall maintain adequate insurance to respond in damages for loss or injury to the Vessels or for damage sustained by third parties due to any act, fault, or negligence by the substitute custodian. Specifically, NMA shall maintain Commercial General Liability insurance in an amount not less than two million dollars ($2,000,000) per occurrence/aggregate or equivalent umbrella coverage.

IT IS FURTHER ORDERED that Wells Fargo shall immediately deposit $25,000 into a Wells Fargo account (the "Account"). NMS shall access funds in the Account to collect fees for its services within the scope of this order. Every two weeks from the first Monday following this Order, NMS shall submit invoices to Wells Fargo for these services. Within five business days of receiving an invoice, Wells Fargo shall replenish the Account with the invoiced amount. NMS's fee schedule is attached as Appendix A to this Order.

IT IS FURTHER ORDERED that NMS shall comply with all orders of the Captain of the Port, United States Coast Guard, including but not limited to, an order to move the Vessels, and

any applicable federal, state, and local laws, regulations, and requirements pertaining to vessel and port safety. NMS shall advise the Court, the parties to the action, and the United States Marshal, of any movement of the Vessels pursuant to an order of the Captain of the Port, United States Coast Guard, or otherwise within twenty-four hours of such Vessels movement.

SIGNED at    New York    this  19  day of    June   , 2020.

       /s/ Laura Taylor Swain      
UNITED STATES DISTRICT JUDGE